

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:11-CR-55(3) |
| | § | |
| JASON WOLF | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Jason Wolf, violated conditions of supervised release imposed by Chief United States District Judge Ron Clark. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #151) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on June 21, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

Judge Clark sentenced Mr. Wolf on August 2, 2012, after the defendant pled guilty to the offense of Possession of a List I Chemical, a Class C felony. The Court sentenced the defendant to 67 months imprisonment, to be followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and participation in a program of drug testing and treatment.

On March 17, 2015, Judge Clark issued an order granting a motion to reduce sentence in which Mr. Wolf's term of imprisonment was reduced from 67 months to 54 months. On February 8, 2016, Jason Wolf completed his period of imprisonment and began service of the supervision

term.

### B. Allegations in Petition

The United States Probation Office alleges that Mr. Wolf violated a standard condition of supervised release as follows:

*The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation office.*

Specifically, the petition alleges that Mr. Wolf reported to the U.S. Probation Office on November 18, 2016, and provided a urine specimen that tested positive for methamphetamine. The lab confirmed that the specimen was indeed positive for methamphetamine. As instructed, Mr. Wolf reported back to the U.S. Probation Office on November 28, 2016, and was confronted with the lab results. Mr. Wolf apologized for not being truthful on November 18, 2016.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the above-stated allegations. Specifically, the Government would submit evidence and testimony supporting the allegation that Mr. Wolf provided a urine specimen on November 18, 2016, which tested positive for methamphetamine and that Mr. Wolf admitted to being untruthful about his drug usage to the probation office at the time he submitted the specimen.

Defendant, Jason Wolf, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that was not truthful with his probation officer in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(h). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervision by being untruthful with his probation officer. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of IV and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Wolf pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned further recommends that the District Court order Defendant to serve a term of **six (6) months** imprisonment for the revocation, with no additional term of supervised release to follow. Pursuant to the defendant's request, the Court would also recommend placement in the Federal Correctional Complex (FCC) in Beaumont, Texas, or the Federal Correctional Institution (FCI) in Seagoville, Texas, if possible, for service of the supervision term.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of June, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE